**UNITED STATES of America,
Appellee,**

v.

**William A. McCLENNY and Edward Earl
Massengill, Appellants.**

**No. 9603.**

United States Court of Appeals
Fourth Circuit.

Argued March 1, 1965.

Decided May 5, 1965.

R. R. Ryder, Richmond, Va. (Court-assigned counsel), for appellants William A. McClenny and Edward Earl Massengill.

Plato Cacheris, First Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and J. SPENCER BELL, Circuit Judges.

PER CURIAM:

Convicted with others in the District Court of conspiring to violate the In-

ternal Revenue laws [1] relating to illicit whiskey, from November 1961 to December 1963 at or near Suffolk, Virginia, William A. McClenny and Edward Earl Massengill appeal. They assert that the evidence did not establish the indictment-conspiracy but, even if it did, they were prejudiced by the proof of other unrelated criminal complots. Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). We affirm the convictions.

Undoubtedly, McClenny and Massengill with co-defendants Fletcher Reeves and Buster Jarvis feloniously confederated in October, and probably as early as August, 1962. Testimony, however, was introduced by the Government as to suspected joint complicity of McClenny and Reeves, only, in whiskey offenses in January and March 1962, for which there had been no prosecution. Massengill now asserts that this alliance and conduct of McClenny and Reeves were not proved to be known by him previous to his alleged contrivance with them and constituted a conspiracy which was not included in the indictment. Consequently, he stresses, these incidents were not imputable to him and the proof of them was seriously damaging.

■ However, we are not required to resolve this issue, for in our judgment the admission of this evidence, if error, was innocuous. Massengill's subsequent participation in a conspiracy with the others accused—at least from October 1962 and thereafter—is so overwhelmingly established by other evidence that proof of the events in January and March 1962, touching McClenny and Reeves solely, could have contributed only negligibly to the conviction of Massengill.

■ Plainly, McClenny was not aggrieved by proof of the January-March 1962 happenings. They were clearly antecedent to the main plot which was quick and alive in August or October 1962;

they were "integral steps" towards the indicted conspiracy. Blumenthal v. United States, 332 U.S. 539, 559, 68 S.Ct. 248, 92 L.Ed. 154 (1947).

The problems presented in this case suggest the question of why the Government proceeded on the basis of a conspiracy. Substantive offenses could as readily have been laid against the cabal, all and singular, and resort to the conspiracy charge is not explained as required or advisable. Repeatedly the courts have deplored the difficulties placed by this form of accusation upon both court and defendants. The trial judge is extraordinarily burdened to maintain the differing privileges of the several accused, and upon each of them is imposed the added anxiety of protecting himself against the effect of evidence going before the jury but at the time said to affect him only conditionally. Justice Jackson inveighed against the practice in Krulewitch v. United States, 336 U.S. 440, 453, 69 S.Ct. 716, 723, 93 L.Ed. 790 (1948):

> "The trial of a conspiracy charge doubtless imposes a heavy burden on the prosecution, but is an especially difficult situation for the defendant. * * *
>
> "A co-defendant in a conspiracy trial occupies an uneasy seat. There generally will be evidence of wrongdoing by somebody. It is difficult for the individual to make his own case stand on its own merits in the minds of jurors who are ready to believe that birds of a feather are flocked together. If he is silent, he is taken to admit it and if, as often happens, co-defendants can be prodded into accusing or contradicting each other, they convict each other. There are many practical difficulties in defending against a charge of conspiracy * * *."

See, too, the condemnation of trials "en masse" in Kotteakos v. United States,

1. 26 U.S.C. §§ 5008(b), 5174, 5216, 5601, 5608, 5642, 5686, 7206(4) and 7302, (1954 Edition); 26 U.S.C. §§ 5179, 5205(a) (2), 5222, 5601, 5601(a) (12), 5604, 5604 (a) (1) and 5686, (1959 Edition); 18 U.S.C. § 1952.

supra, 328 U.S. 750, 773, 66 S.Ct. 1239 (1946).

However, as we find no trial errors instantly, the judgments upon the appellants must stand.

Affirmed.